## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

# FILED

**MAY 1 8 2011**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

---

AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004,

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street
New York, NY 10004,

              Plaintiffs,

     v.

CENTRAL INTELLIGENCE AGENCY
Washington, DC 20505,

            Defendant.

Case: 1:11-cv-00933
Assigned To : Jackson, Amy Berman
Assign. Date : 5/18/2011
Description: FOIA/Privacy Act

---

## COMPLAINT FOR INJUNCTIVE RELIEF

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, for injunctive and other appropriate relief, seeking the immediate processing and release

of agency records requested by Plaintiffs American Civil Liberties Union and American Civil

Liberties Union Foundation (collectively "ACLU") from Defendant Central Intelligence Agency

("CIA").

2.    Plaintiffs submitted a FOIA request ("the Request") to the CIA requesting (1) all

reports or conclusions of an internal inquiry or investigation into the CIA's Inspector General or

Office of the Inspector General ("OIG") reported by the New York Times in 2007; and (2) all

reports produced by the CIA OIG relating to the detention, interrogation, or treatment of

individuals apprehended after September 11, 2001, and held at detention facilities outside the

United States, including but not limited to six specifically identified reports that recently became publicly known.

3.     The Request was submitted on April 25, 2011, but the CIA has neither released responsive records nor explained its failure to do so.

4.     The failure of the CIA to process and release responsive records is of particular concern because the records relate to a highly controversial intelligence program whose wisdom, effectiveness, and legality are a matter of intense and ongoing public debate.  This debate has become more intense since Plaintiffs filed the Request two months ago, and the public interest in the release of the requested records has increased correspondingly.

5.     Plaintiffs seek an injunction requiring the CIA to process the Request immediately.  Plaintiffs also seek an order enjoining the Defendant from assessing fees for the processing of the Request.

## Jurisdiction and Venue

6.     This Court has both subject matter jurisdiction of the FOIA claim and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B), (a)(6)(E)(iii).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

7.     Plaintiff American Civil Liberties Union is a nationwide, non-profit, nonpartisan organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality.  The ACLU is committed to ensuring that the American government complies with the Constitution and laws, including its international legal obligations, in matters that affect civil liberties and human rights.  The ACLU is also committed to principles of

transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights.

8.     Plaintiff American Civil Liberties Union Foundation is a separate § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

9.     Defendant CIA is a department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

**Factual Background**

10.     In October 2003, in response to news reports alleging the mistreatment of detainees in U.S. custody, the ACLU submitted a FOIA request seeking records relating to the treatment, death, and rendition of individuals detained by the United States after September 11, 2001 and held on military bases or in detention facilities outside the United States.  The ACLU filed a substantively similar request in 2004.  To date, the ACLU has obtained well over 100,000 pages of government records pursuant to these requests, all of which are posted on the ACLU's website in an easily searchable and catalogued database.  *See* http://www.aclu.org/accountability/search.html; http://www.aclu.org/accountability/released.html.

11.     On April 16, 2009, the ACLU's FOIA lawsuit to enforce those requests led to the release of four Office of Legal Counsel ("OLC") memoranda written in 2002 and 2003 authorizing the use of "enhanced interrogation techniques" by the CIA.  Release of those memoranda—which provided the most detailed descriptions of the CIA's interrogation techniques available to the public at the time—reignited the public debate regarding the legality

and morality of harsh interrogation techniques.  On August 24, 2009, in response to the same

FOIA lawsuit, the government released a CIA OIG report on the CIA's use of the "enhanced

interrogation techniques" approved by the OLC memos, as well as several "unauthorized"

techniques, such as the use of a handgun and power drill during an interrogation.  On the same

day, the Attorney General launched a preliminary investigation into certain detainee abuses.

12.     The documents obtained through these past requests have been the subject of

substantial and continuing public interest.  Collectively, the records have fueled and informed the

ongoing public debate about the abuse and torture of detainees in U.S. custody and the extent of

high-level responsibility for that abuse.

13.     Despite these significant disclosures, the CIA has yet to release a number of other

critical reports issued by its Inspector General.  The existence of those reports has been disclosed

by the media (quoting unnamed government officials) and by official government documents

released through FOIA.

14.     The requested records are crucial to an intense and ongoing public debate about

the wisdom, effectiveness, and legality of the CIA's rendition, detention, and interrogation

program.  This public debate has intensified since Plaintiffs submitted the Request.  *See, e.g.*,

Scott Shane & Charlie Savage, *Bin Laden Raid Revives Debate on Value of Torture*, N.Y. Times,

May 3, 2011, *available at* http://nyti.ms/lZY3tm; John McCain, *Bin Laden's Death and the*

*Debate Over Torture*, Wash. Post, May 11, 2011, *available at* http://wapo.st/jUDqBY; John

Yoo, *From Guantanamo to Abbottabad*, Wall St. J., May 4, 2011, *available at*

http://on.wsj.com/lDtJIA.

FOIA Request

15.     On April 25, 2011, the ACLU submitted a FOIA Request for (1) all reports or

conclusions of an internal inquiry or investigation into the CIA's Inspector General or OIG, *see*

Mark Mazzetti & Scott Shane, *Watchdog of C.I.A. Is Subject of C.I.A. Inquiry*, N.Y. Times, Oct.

11, 2007, *available at* http://nyti.ms/f03Qvh; and (2) all reports produced by the CIA OIG

relating to the detention, interrogation, or treatment of individuals apprehended after September

11, 2001, and held at detention facilities outside the United States, including but not limited to:

    a.  A CIA OIG report dated October 29, 2003, relating to unauthorized interrogation techniques, including the use of a handgun and power drill during interrogation. *See* Special Review, *Counterterrorism Detention and Interrogation Activities (September 2001 – October 2003)* at 42 n.46, May 7, 2004, *available at* http://bit.ly/hEvzu8.

    b  A CIA OIG report dated November 3, 2005, entitled "Death of Manadal Al-Jamaidi." *See* Letter from John Helgerson, CIA Inspector General, to Peter Hoekstra, Chairman, Permanent Select Committee on Intelligence, Feb. 16, 2006, *available at* http://bit.ly/eDjRTe at 46-48.

    c.  A CIA OIG report regarding the "nonregistration" of detainees or "ghosts." *See* Letter from John Helgerson, CIA Inspector General, to Inspector General, Office of the Director of National Intelligence, Jan 23, 2006, *available at* http://bit.ly/eDjRTe at 57.

    d.  A CIA OIG report entitled "Death of 'Abid Hamad Mahawish Al-Mahalawi," relating to allegations of mistreatment of detainees near Al Qa'im in November 2003. *See* Email from the CIA OIG, Mar. 20, 2006, 5:49 pm, *available at* http://bit.ly/eQBSvF at 10; CIA OIG Memo, *Investigations Regarding the Treatment Detainees in Iraq*, May 5, 2004, *available at* http://bit.ly/gQgPzJ at 15-16.

    e.  A CIA OIG report relating to the death Gul Rahman and/or a special review of the interrogation activities at the detention facility called the "Salt Pit." *See* Adam Goldman & Kathy Gannon, *Death Shed Light on CIA 'Salt Pit' Near Kabul: Handling of Terror Suspect Led to Inquiry by Agency's Inspector General*, Associated Press, Mar. 28, 2010, *available at* http://on.msnbc.com/fmPFBB.

    f.  A CIA OIG report relating to the rendition and detention of Khaled El-Masri. *See* Adam Goldman & Matt Apuzzo, *AP IMPACT: At CIA, Grave Mistakes,*

*Then Promotions*, Associated Press, Feb. 9, 2011, *available at* http://abcn.ws/dFVrGo.

16.     Plaintiffs sought expedited processing of the Request on the grounds that there is a "compelling need" for these records because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged Federal Government activity. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II); *see also* 32 C.F.R. § 1900.34(c)(2).

17.     Plaintiffs sought a waiver of search, review, and reproduction fees on the grounds that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 32 C.F.R. § 1900.13(b)(2).

18     Plaintiffs also sought a waiver of search and review fees on the grounds that the ACLU qualifies as a "representative of the news media" and that the records are not sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii); *see also* 32 C.F.R. §§ 1900.13(i)(2).

19.     The Request was submitted to the designated FOIA office of the CIA as well as the CIA's Office of the Inspector General.

The Government's Response to the Request

20.     In spite of the urgent national interest surrounding the requested reports, the CIA has neither released responsive records nor explained its failure to do so.

21.     By letter dated May 5, 2011, the CIA acknowledged receipt of the Request but denied Plaintiffs' application for expedited processing.  The letter stated that the "request does not demonstrate a 'compelling need.'"  Beyond this, the CIA did not explain the basis for denial. No further response or correspondence has been received from the CIA.

### Causes of Action

22.    Defendant's failure to make a reasonable effort to search for records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3), and CIA regulations 32 C.F.R. § 1900.21(a).

23.    Defendant's failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(6)(A), and CIA regulations 32 C.F.R. § 1900.21(d).

24.    Defendant's failure to grant Plaintiffs' request for expedited processing and to process Plaintiffs' request as soon as practicable violates FOIA, 5 U.S.C. § 552(a)(6)(E), and CIA regulations 32 C.F.R § 1900.34(c).

25.    Defendant's failure to grant Plaintiffs' request for a waiver of search, review, and duplication fees violates FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and CIA regulations 32 C.F.R. § 1900.13(b)(2).

26.    Defendant's failure to grant Plaintiffs' request for a limitation of fees violates FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and 32 C.F.R. § 1900.13(i)(2).

### Requested Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

A.  Order the Defendant to immediately process all records responsive to the Request;

B.  Enjoin the Defendant from charging Plaintiffs search, review, or duplication fees for the processing of the Request;

C.  Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

D.  Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*Arthur B. Spitzer*

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the Nation's Capital
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
Phone: (202) 457-0800
Fax: (202) 452-1868
art@aclu-nca.org

Alexander Abdo
Jameel Jaffer
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone· (212) 549-2517
Fax: (212) 549-2654
aabdo@aclu.org
jjaffer@aclu.org

*Counsel for the plaintiffs*

Dated: May 18, 2011