UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN CIVIL LIBERTIES UNION *et al.*,

    Plaintiffs,

v.

CENTRAL INTELLIGENCE AGENCY,

    Defendant.

No. 1:11-cv-0933 (ABJ)

## STATEMENT OF MATERIAL FACTS AND GENUINE ISSUES
IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT AND
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 7.1(h), Plaintiffs submit the following statement of material facts not in dispute in support of their motion for summary judgment and the following statement of genuine issues in opposition to the defendant's motion for summary judgment. Citations to this statement in Plaintiffs' summary judgment brief will be in the format, "SOMF ¶ xx."

1. In the days after September 11, 2001, the Central Intelligence Agency (CIA) established a program to detain and interrogate suspected terrorists abroad. Declaration of Mitra Ebadolahi ("Ebadolahi Decl.") ¶ 2, dated Feb. 17, 2012.

2. In early 2003, the CIA's Office of the Inspector General (OIG) received information that some CIA employees were concerned that certain covert Agency activities overseas might involve violations of human rights. Ebadolahi Decl. ¶ 3.

3. At about the same time, the CIA's Deputy Director of Operations notified the OIG that he had "received allegations that Agency personnel had used unauthorized interrogation techniques" on a specific detainee, and he asked the OIG to investigate. Ebadolahi Decl. ¶ 4.

4. The OIG initiated an investigation, which culminated in the completion of a lengthy report dated May 2004, the *Special Review*. A partially redacted version of this report was released by the government in August 2009. Ebadolahi Decl. ¶ 5.

5. The *Special Review* discussed the CIA's use of "specific unauthorized and undocumented techniques," including manipulation of pressure points, mock executions, use of smoke, use of cold, water dousing, "hard takedowns," and other abuses. The report also recorded the use of an unloaded handgun and a power drill to threaten a detainee. Ebadolahi Decl. ¶ 6.

6. The *Special Review* indicated that further investigations had been opened into specific instances of CIA abuse, including occasions where detainees had died in CIA custody as a result of their treatment. Ebadolahi Decl. ¶ 7.

7. The CIA later referred some of the conduct described in the OIG's reports to the Department of Justice for criminal investigation. Ebadolahi Decl. ¶ 8.

8. In April 2011, the American Civil Liberties Union and American Civil Liberties Foundation (collectively, ACLU or Plaintiffs) filed a FOIA request for all CIA OIG reports "relating to the detention, interrogation, or treatment of individuals apprehended after September 11, 2001, and held at detention facilities outside the United States." Ebadolahi Decl. ¶ 9.

9. On September 30, 2011, the CIA acknowledged the existence of eleven reports (in addition to the *Special Review*), including at least two reports documenting the circumstances surrounding the deaths of two detainees while in Agency custody. The Agency has withheld all of these reports in full pursuant to various FOIA exemptions. Ebadolahi Decl. ¶ 10.

10. To narrow the issues in dispute, Plaintiffs asked the CIA to prepare a draft *Vaughn* Index describing the information withheld and identifying the specific exemptions invoked for each OIG report. The CIA agreed to do so. Ebadolahi Decl. ¶ 11.

11. Upon receipt of the draft *Vaughn* Index, Plaintiffs clarified that they were not seeking "the identities of CIA operatives; the specific questions asked of detainees by interrogators; the responses given by detainees to those questions; [or] the identities of foreign governments or agents." Ebadolahi Decl. ¶ 12.

12. Plaintiffs do not contest Defendant's first three material facts. With respect to the third fact, Plaintiffs do not dispute the CIA's assertion that it reviewed the withheld reports for segregable information. *See* The Central Intelligence Agency's Statement of Material Facts Not in Genuine Dispute ("CIA SOMF"), ECF No. 16-2, ¶¶ 1–3. Plaintiffs do dispute, however, the Agency's assertion that the withheld documents consist solely of "non-segregable information exempt under FOIA," for the reasons explained in Plaintiffs' memorandum.

13. The balance of Defendant's material facts are in actuality legal conclusions with which Plaintiffs do not agree, as set forth in the legal memorandum filed with this statement. *See* CIA SOMF ¶¶ 4–10.

    /s/ Arthur B. Spitzer
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the Nation's Capital
4301 Connecticut Avenue, NW, Suite 434
Washington, DC 20008
Tel: (202) 457-0800
Fax: (202) 452-1868
artspitzer@gmail.com

    /s/ Mitra Ebadolahi
Mitra Ebadolahi (*pro hac vice*)

February 17, 2012

Alexander A. Abdo (*pro hac vice*)
Jameel Jaffer (*pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 284-7305
Fax: (212) 549-2654
mebadolahi@aclu.org
aabdo@aclu.org
jjaffer@aclu.org

*Counsel for Plaintiffs*